UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

ANN GAGLIARDI,

    Plaintiff

v.

SOVEREIGN BANK,

    Defendant

Civil Action
No. 05-10859-NG

## DEFENDANT'S, SOVEREIGN BANK, ANSWER

The Defendant, Sovereign Bank (the "Bank"), hereby answers the Complaint of Ann Gagliardi ("Gagliardi"), paragraph by paragraph, as follows, and denies, to the extent necessary, the allegations contained in the introductory paragraph of the Complaint:

1. The Bank admits the allegations contained in Paragraph 1 of the Complaint.

2. The Bank admits the allegations contained in Paragraph 2 of the Complaint.

3. The Bank admits the allegations contained in Paragraph 3 of the Complaint.

4. The Bank admits the allegations contained in Paragraph 4 of the Complaint.

5. The Bank admits that A.M.G. Construction Company ("A.M.G.") executed and delivered to the Bank a Revolving Credit Note dated July 30, 2001 in the original principal amount of $2,000,000.00 (the "Original Note").

6. The Bank admits that A.M.G. executed and delivered to the Bank an Equipment Line Note dated July 30, 2001 in the original principal amount of $200,000.00 (the "Equipment Note").

7. The Bank admits that on July 30, 2001, A.M.G. executed, among other documents, a Loan and Security Agreement (the "Loan Agreement"), which established a line of credit in the amount of $2,000,000.00 between A.M.G. and the Bank.

8. The Bank admits the first sentence of Paragraph 8 of the Complaint. The Bank admits that Antonio Gagliardi ("Antonio") executed an Unlimited Guaranty of the obligations of A.M.G. to the Bank.

9. The Bank is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. The Bank is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. The Bank admits that on July 30, 2001 Antonio and Ann Gagliardi signed a certain Non-Encumbrance Agreement with respect to commercial property located at 331 Page Street, Stoughton, Massachusetts (the "Stoughton Property"). The Bank admits that the Stoughton Property is used commercially. The Bank denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. The Bank admits that A.M.G. did not repay to the Bank all amounts owed under the Original Note and Equipment Note.

13. The Bank is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. Further answering, the Bank does not deny that A.M.G.'s indebtedness to the Bank pursuant to the Original Note and Equipment Note, including principal, interest, and attorneys' fees exceeded, as of July 15, 2004, $2,600,000.00.

14. The allegations contained in Paragraph 14 of the Complaint purport to paraphrase the terms and conditions of a written document, the terms and conditions of which speak for itself. To the extent that the allegations contained in Paragraph 14 incorrectly paraphrase the document, the Bank denies the allegations contained therein.. Further answering, the Bank

admits that it did not require or obtain a mortgage on any real property at the time of the execution of the Original Note and Equipment Note.

15. The Bank admits that it did not require, or obtain, a mortgage on the Stoughton Property in 2001.

16. The Bank denies the allegations contained in Paragraph 16 of the Complaint.

17. The Bank denies the allegations contained in Paragraph 17 of the Complaint.

18. The Bank denies the allegations contained in Paragraph 18 of the Complaint.

19. The Bank denies the allegations contained in Paragraph 19 of the Complaint.

20. The Bank admits that A.M.G. has not repaid the Bank all amounts due and owing and, as a result, the Bank commenced a civil action against A.M.G. Further answering, the Bank is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. The Bank denies the allegations contained in Paragraph 21 of the Complaint.

22. The Bank denies the allegations contained in Paragraph 22 of the Complaint.

23. The Bank denies the allegations contained in Paragraph 23 of the Complaint.. Further answering, the Bank admits that the referenced commercial investment property is owned by Antonio and Ann Gagliardi.

24. The Bank denies the allegations contained in Paragraph 24 of the Complaint.. Further answering, the Bank admits that the referenced property is owned by Antonio and Ann Gagliardi.

25. The Bank denies the allegations contained in Paragraph 25 of the Complaint.

26. The Bank denies the allegations contained in Paragraph 26 of the Complaint.

27. The Bank denies the allegations contained in Paragraph 27 of the Complaint.

28. The Bank denies the allegations contained in Paragraph 28 of the Complaint.. Further answering, the Bank was led to believe that Antonio and Ann Gagliardi, as well as A.M.G. and Anthony Gagliardi, were represented by Attorney Edward Quinlan at the referenced closing.

29. The Bank denies the allegations contained in Paragraph 29 of the Complaint.

30. The Bank admits, in connection with the agreements reached between the Bank and A.M.G., that A.M.G. executed and delivered to the Bank, among other documents, a Promissory Note in the original principal amount of $1,600,000.00 dated July 16, 2004 (the "First Note"), and a Promissory Note in the original principal amount of $1,005,264.46 dated July 16, 2004 (the "Second Note"). The Bank denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. The allegations contained in Paragraph 31 of the Complaint purport to paraphrase the terms and conditions of a written document, the terms and conditions of which speak for itself. To the extent that the allegations contained in Paragraph 31 incorrectly paraphrase the document, the Bank denies the allegations contained therein.

32. The Bank denies the allegations contained in Paragraph 32 of the Complaint.

33. The Bank denies the allegations contained in Paragraph 33 of the Complaint.

34. The Bank denies the allegations contained in Paragraph 34 of the Complaint.

35. The Bank denies the allegations contained in Paragraph 35 of the Complaint.

36. The Bank admits that on July 16, 2004, Ann Gagliardi, in order to perfect the Bank's rights on a mortgage granted to it by Ann Gagliardi and Antonio Gagliardi, executed and delivered to the Bank a Limited Recourse Guaranty ("Limited Guaranty"). The Bank denies the remaining allegations contained in Paragraph 36 of the Complaint.

37. The Bank denies the allegations contained in Paragraph 37 of the Complaint.

38. The Bank denies the allegations contained in Paragraph 38 of the Complaint.

39. The Bank denies the allegations contained in Paragraph 39 of the Complaint.

40. The Bank denies the allegations contained in Paragraph 40 of the Complaint.

41. The Bank denies the allegations contained in Paragraph 41 of the Complaint.

42. The Bank denies the allegations contained in Paragraph 42 of the Complaint.

43. The Bank denies the allegations contained in Paragraph 43 of the Complaint.

44. The Bank denies the allegations contained in Paragraph 44 of the Complaint.

45. The Bank denies the allegations contained in Paragraph 45 of the Complaint.

46. The Bank denies the allegations contained in Paragraph 46 of the Complaint.

47. The Bank denies the allegations contained in Paragraph 47 of the Complaint.

48. The allegations contained in Paragraph 48 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, the Bank denies the allegations contained in Paragraph 48 of the Complaint.

49. The Bank denies the allegations contained in Paragraph 49 of the Complaint.

50. The allegations contained in Paragraph 50 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, the Bank denies the allegations contained in Paragraph 50 of the Complaint.

51. The Bank denies the allegations contained in Paragraph 51 of the Complaint.

52. The Bank denies the allegations contained in Paragraph 52 of the Complaint.

53. The Bank denies the allegations contained in Paragraph 53 of the Complaint.

54. The Bank denies the allegations contained in Paragraph 54 of the Complaint.

55. The Bank denies the allegations contained in Paragraph 55 of the Complaint.

56. The Bank admits that it obtained a Mortgage on the referenced property, but denies the remaining allegations contained in Paragraph 56 of the Complaint.

57. The Bank denies the allegations contained in Paragraph 57 of the Complaint.

58. The Bank denies the allegations contained in Paragraph 58 of the Complaint.

59. The Bank denies the allegations contained in Paragraph 59 of the Complaint.

60. The Bank realleges and incorporates by reference herein its answers to Paragraphs 1-59 of the Complaint.

61. The Bank denies the allegations contained in Paragraph 61 of the Complaint.

62. The Bank denies the allegations contained in Paragraph 62 of the Complaint.

63. The Bank realleges and incorporates by reference herein its answers to Paragraphs 1-62 of the Complaint.

64. The Bank denies the allegations contained in Paragraph 64 of the Complaint.

65. The Bank denies the allegations contained in Paragraph 65 of the Complaint.

66. The Bank realleges and incorporates by reference herein its answers to Paragraphs 1-65 of the Complaint.

67. The Bank denies the allegations contained in Paragraph 67 of the Complaint.

68. The Bank denies the allegations contained in Paragraph 68 of the Complaint.

69. The Bank realleges and incorporates by reference herein its answers to Paragraphs 1-68 of the Complaint.

70. The Bank denies the allegations contained in Paragraph 70 of the Complaint.

71. The Bank denies the allegations contained in Paragraph 71 of the Complaint.

72. The Bank denies the allegations contained in Paragraph 72 of the Complaint.

73. The Bank realleges and incorporates by reference herein its answers to Paragraphs 1-72 of the Complaint.

74. The Bank denies the allegations contained in Paragraph 74 of the Complaint.

75. The Bank denies the allegations contained in Paragraph 75 of the Complaint.

76. The Bank denies the allegations contained in Paragraph 76 of the Complaint.

77. The Bank realleges and incorporates by reference herein its answers to Paragraphs 1-76 of the Complaint.

78. The Bank admits that it is engaged in trade or commerce within the meaning of Massachusetts General Laws Chapter 93A.

79. The Bank denies the allegations contained in Paragraph 79 of the Complaint.

80. The Bank denies the allegations contained in Paragraph 80 of the Complaint.

81. The Bank denies the allegations contained in Paragraph 81 of the Complaint.

82. The Bank realleges and incorporates by reference herein its answers to Paragraphs 1-81 of the Complaint.

83. The Bank denies the allegations contained in Paragraph 83 of the Complaint.

84. The Bank denies the allegations contained in Paragraph 84 of the Complaint.

85. The Bank denies the allegations contained in Paragraph 85 of the Complaint.

86. The Bank realleges and incorporates by reference herein its answers to Paragraphs 1-85 of the Complaint.

87. The Bank denies the allegations contained in Paragraph 87 of the Complaint.

88. The Bank denies the allegations contained in Paragraph 88 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for which relief may be granted against the Bank.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff has not sustained any damages for which the Bank is responsible.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the actions and conduct of the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Under Section 202.7(d) of Regulation B, where the Stoughton Property was owned jointly by Antonio and Ann Gagliardi, the Bank was within its rights to require the signature of Ann Gagliardi on the Mortgage.

### FIFTH AFFIRMATIVE DEFENSE

Under Section 202.7(d) of Regulation B, where the Stoughton Property was owned jointly by Antonio and Ann Gagliardi, the Bank was within its rights to require the Limited Guaranty by Ann Gagliardi where the Bank reasonably believed it to be necessary to make the Stoughton Property available to satisfy the indebtedness to the Bank in the event of default.

### SIXTH AFFIRMATIVE DEFENSE

The Bank made no false statements of fact to the Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

The Bank's actions were not in violation of 12 U.S.C. § 1972.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff has unclean hands, and her claims are therefore barred.

### TENTH AFFIRMATIVE DEFENSE

The alleged actions of the Bank did not result in any loss of money or property and, therefore, no relief is available under Mass. G.L. ch. 93A, § 11.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to a trial by jury on any issues in the Complaint.

WHEREFORE, the Defendant, Sovereign Bank, respectfully prays as follows:

1. That the Plaintiff's Complaint be dismissed, and that Sovereign Bank be awarded its costs and attorneys' fees in defending the Complaint;

2. That Sovereign Bank be awarded Judgment on the Complaint, including its costs and attorneys' fees; and

3. For such other and further relief as this Court deems just and proper.

SOVEREIGN BANK

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: May 13, 2005

Dennis E. McKenna, BBO # 556428
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

### CERTIFICATE OF SERVICE

I, Dennis E. McKenna, hereby certify that on this 13th day of May, 2005, I caused a true and accurate copy of the foregoing document to be served by first class mail, postage prepaid, upon the following: Michael C. McLaughlin, Esquire, Law Offices of Michael C. McLaughlin, One Beacon Street, 33rd Floor, Boston, Massachusetts 02108.

Dennis E. McKenna

890386.1