COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                TRIAL COURT
                                                     SUPERIOR COURT DEPARTMENT
                                                     CIVIL ACTION NO. _____

| MRS. ANN GAGLIARDI, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| SOVEREIGN BANK, | ) |
| Defendant. | ) |

## MOTION FOR PRELIMINARY INJUNCTION

Now comes the Plaintiff Mrs. Ann Gagliardi ("Mrs. Gagliardi") with this Motion for Preliminary Injunction pursuant to Mass.R.Civ.P. 65(b) enjoining Sovereign Bank ("Sovereign") from moving forward in connection with foreclosure proceeding on the property located at 331 Page Street, Stoughton, Massachusetts (the "Stoughton Property"), as well as enjoining Sovereign from taking any actions or steps including foreclosure in connection with illegal, and void mortgage, guarantee, and Assignment of Leases and Rents illegally obtained from Plaintiff Mrs. Gagliardi by Sovereign.

In support thereof:

1. The Stoughton Property is owned by Mrs. Gagliardi and her husband, as husband and wife, tenancy by the entirety.

2. The leases and rents earned by the Stoughton Property represent nearly 100% of Mrs. Gagliardi and her husband's retirement income. Antonio Gagliardi is a retired stonemason with a fifth grade Italian education.

3. Sovereign has commenced foreclosure on both the Framingham and the Stoughton Properties.

4. In July of 2004, Sovereign, in violation of the Equal Credit Opportunity Act (15 U.S.C 1691 et seq) ("ECOA") required Mrs. Gagliardi to guarantee a loan for the benefit of her husband. Sovereign, in illegally obtaining Mrs. Gagliardi's signature on the guarantee, included specific language which was fashioned in an illegal attempt to avoid the provisions of the ECOA. The guarantee in 2004 of Mrs. Gagliardi was given even though the loan in question was made in 2001.

5. At no time did Mrs. Gagliardi ever request a loan. At no time did she ever fill out any financial information concerning her assets. (See Affidavit of Ann Gagliardi) Therefore, Sovereign may not claim to have detrimentally relied on her assets since Sovereign never asked for nor received financial information from Mrs. Gagliardi and made the loan four years earlier without such financial information.

6. The foreclosure on the Stoughton Property would constitute irreparable harm to Mrs. Gagliardi. In addition, the interference in Mrs. Gagliardi's income resulting from the loss of the lease and rents generated by the Stoughton property, would also be an interference with the "enjoyment" of the land. In exchange for Mrs. Gagliardi signing the illegal guarantee, mortgage and Assignment of Leases and Rents Mrs. Gagliardi <u>received nothing in return</u>. She never received any of the proceeds of the 2.6 million dollars apparently dispersed by Sovereign to AMG in 2001. (See Affidavit of Ann Gagliardi) She had never been an applicant for the 2.6 million dollars in 2001. There was absolutely no consideration supporting Mrs. Gagliardi's signature on the guarantee, mortgage or the Assignment of Leases and Rents.

7. Sovereign cannot allege any irreparable harm. Prior to July 16, 2004, a mere six months ago, Sovereign had already loaned the 2.6 million dollars without the mortgage on the Stoughton Property. The original 2.6 million dollars was apparently lent beginning in 2001. The Stoughton and Framingham Properties, <u>were never</u> components of Sovereign's decision to lend 2.6 million dollars to AMG in 2001. These properties only became relevant in 2004 when Sovereign realized it could not recover on the loan and was facing total loss since there was no collateral and undertook the scheme to get Mrs. Gagliardi's signature, on an illegal guarantee, mortgage and Assignment of Leases and Rents.

8. Since the mortgage on the Stoughton Property was given to secure Mrs. Gagliardi's illegal guarantee, the mortgages are void and unenforceable as a matter of law. (See Memorandum in Support of Preliminary Injunction) The loss of that guarantee and mortgages securing it will not materially effect Sovereign because Mrs. Gagliardi, in the absence of Sovereign's violation of ECOA, would not have incurred any personal liability in connection with her husband's or AMG's debt.

9. Mrs. Gagliardi has demonstrated her likelihood of success on the merits, irreparable harm if an injunction is not issued and that Sovereign will not suffer irreparable harm if the injunction is issues. Public policy requires that if

2

Sovereign at the conclusion of the trial on the merits violated ECOA, the Bank Holding Company Act, the Code of Federal Regulations, and M.G.L. 93A, that not only will Mrs. Gagliardi be entitled to maintain the Stoughton Property, she will also have affirmative claims for damages against Sovereign. Mrs. Gagliardi respectfully requests the foreclosure of the Stoughton Property be enjoined until the trial on the merits can be concluded.

Respectfully submitted,
Mrs. Ann Gagliardi

By her attorney,

Dated: March 31, 2005

Michael C. McLaughlin BBO# 537350
Law Offices of Michael C. McLaughlin
One Beacon Street, 33rd Floor
(617) 227-2275
Boston, MA 02108

Certificate of Service
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/ by hand on March 31, 2005

Michael C. McLaughlin

3