UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10859-NG

| | |
|---|---|
| MRS. ANN GAGLIARDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SOVEREIGN BANK, | ) |
| | ) |
| Defendant. | ) |

**Plaintiff's Automatic Disclosure Statement**

Pursuant to Fed. R. Civ. P. 26(a)(1) A.L.R. D. Mass. 26.2, plaintiff Ann Gagliardi makes the following disclosure of discoverable information. Gagliardi retains the right to amend or supplement this disclosure statement as appropriate.

<u>Individuals likely to have discoverable information in support of Plaintiff's claims</u>

Brett E. Bokelkamp
Sovereign Bank
75 State Street
Boston, MA

Edward J. Quinlan, Esq.
Quinlan & Sadlowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA

Ann Gagliardi
411 South Avenue
Weston, MA 02493

1

Antonio Gagliardi
411 South Avenue
Weston, MA 02493

Anthony Gagliardi

Robert L. Brodski

An individual to be named as 30(b)(6) deponent who is responsible for Sovereign accounting, bookkeeping and other types of documentation or notation relating to a Revolving Credit Note executed by AMG in the amount of 2 million and an Equipment Line Note executed by AMG in the of $200,000. The 30(b)(6) deponent will be questioned as to how the Revolving Credit Note and the Equipment Line Note were handled, accounted for, written off, marked paid in full, destroyed, sold or otherwise disposed of and whether such accounting was in compliance FASB regulations.

<u>Documents in Gagliardi's possessions, custody or control which Gagliardi may use to support its claims or defenses</u>

Loan documents including:

Loan and Security Agreement executed by AMG and Sovereign and dated July 30, 2001
Revolving Credit Note executed by AMG in the amount of $2,000,000
Equipment Line Note executed by AMG in the amount of $200,000 an Unlimited Guaranty executed by Antonio Gagliardi
Unlimited Guaranty executed by Anthony Gagliardi
Non-Encumbrance Agreement executed by Ann Gagliardi and Antonio Gagliardi
Modification Agreement dated July 1, 2002
Modification Agreement dated June 30, 2003

Forbearance documents including:

Forbearance Agreement dated July 16, 2004
Two restructured notes, for $1,600,000 and $1,005,264
Ratification of guaranties by the original guarantors, Antonio Gagliardi and Anthony Gagliardi
Mortgage on 615 Concord Street, Framingham executed by Anthony Gagliardi, as trustee of Anthony & Company Realty Trust, an assignment of leases and rents, and a limited recourse guaranty executed by Anthony Gagliardi, Trustee
Mortgage on 331 Page Street, Stoughton executed by Antonio Gagliardi and Ann Gagliardi, an assignment of leases and rents, and a limited recourse guaranty executed by Ann Gagliardi

Damages claimed by Gagliardi

Gagliardi has suffered damages in an amount to be determined at the time of trial since the damages result from ongoing civil rights violations as under the provisions of the Equal Credit Opportunity Act 15 U.S.C section 1691 (ECOA). Plaintiff estimates her damages in the amount of $100,000.  In addition, plaintiff has suffered damages will be damages resulting from the unfair and deceptive trade practices of Sovereign including attorney's fees that Sovereign knew or should have known would necessarily have to have been incurred by the plaintiff in defending her assets against the illegal enforcement of documents that violated ECOA.  Plaintiff extenuates her damages to be $300,000 since such legal fees are ongoing the plaintiff reserves the right to amend or supplement this disclosure as appropriate.

Plaintiff has suffered damages resulting from the intentional infliction of emotional distress directly attributable to Sovereign's actions in seeking to and causing plaintiff to sign documents which violated plaintiff's rights under the provision of ECOA. Plaintiff estimates her damages to be approximately $100,000.00. Since the damages related to the intentional infliction of emotional distress are ongoing the plaintiff reserves the right to amend or supplement this disclosure as appropriate.

The plaintiff has suffered from the intentional infliction of emotional distress resulting from certain procedures initiated by the defendant in the Massachusetts Land Court relating to a foreclosure on 331 Page Street, Stoughton, MA where such foreclosure allegedly arises under a mortgage illegally obtained by Sovereign Bank from the plaintiff.  Sovereign aware that plaintiff and her husband were relying on the revenues of 331 Page Street, Stoughton, MA deliberately inflicted emotional distress relating to the

loss of said revenues. The plaintiff retains the right to amend or supplement this disclosure statement as appropriate. However, plaintiff estimates that the intentional infliction of emotional distress in connection with the foreclosure of 331 Page Street, Stoughton, MA is in excess of $300,000.

Plaintiff has suffered from the intentional infliction of emotional distress resulting from the conspiracy of Sovereign, Bokelkamp and other unnamed co-conspirators where by Sovereign, Bokelkamp and the unnamed co-conspirators entered to into a illegal plan or scheme in purposes of misleading, misdirecting and otherwise fraudulently inducing Plaintiff into signing guarantees, a mortgage, an assignment of leases and rents, even though Sovereign, Bokelkamp and unnamed co-conspirators had already determined that AMG was overadvanced by $1,966,565.00 and that AMG was illiquid, undercapitalized, and not creditworthy. Plaintiff estimates her damages in connection with conspiracy to be approximately $100,000.00. Plaintiff retains the right to amend or supplement this disclosure as appropriate.

Plaintiff suffers damages from incurring attorney's fees in connection with the plaintiff seeking a preliminary injunction against the defendant where such attorney's fees were anticipated or should have anticipated that such attorney's fees since they are an unavoidable and expected consequence of their actions in pursuing an illegal guaranty and an illegal mortgage. Such legal fees are damages within the meaning under M.G.L. c. 93A. Plaintiff has not yet determined the amount of attorney's fees and retains the right to amend or supplement this disclosure statement as appropriate.

Insurance agreements

None applicable

<u>Expert witnesses to be called by plaintiff</u>

Plaintiff has not yet determined if she will call any witness as an expert at trial. Plaintiff will supplement this statement, as appropriate, under the Federal Rules of Civil Procedure.

                                      Respectfully Submitted,

                                      Mrs. Ann Gagliardi,
                                      By her counsel,

                                      **LAW OFFICES OF MICHAEL C. MCLAUGHLIN**

Dated: August 12, 2005      By:    <u>/s/ Michael C. McLaughlin, Esq.</u>
                                                          (BBO# 367350)
                                                          One Beacon Street, 33rd Floor
                                                          Boston, MA 02108
                                                          (617) 227-2275

## **CERTIFICATE OF SERVICE**

    I certify that a copy of the Plaintiff's Automatic Disclosure Statement was served on the following person on this date and in the manner specified herein: Electronically Served Through ECF: Kathleen C. Stone, Esquire, counsel for the defendant.

Dated: August 12, 2005                                    <u>/s/ Michael C. McLaughlin, Esq.</u>