UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANN GAGLIARDI
    Plaintiff

v.                            Civil Action No.
                              05-10859-NG

SOVEREIGN BANK
    Defendant

## DEFENDANT'S APPENDIX OF RELEVANT LEGAL AUTHORITIES

                        Submitted by
                        DEFENDANT
                        SOVEREIGN BANK
                        by its attorney,

                        s/Kathleen C. Stone
                        Kathleen C. Stone
                        BBO# 481920
                        Looney, Cohen, Reagan & Aisenberg, LLP
                        109 State Street
                        Boston, MA  02109
                        617-371-1050

Dated: August 31, 2005

**Equal Credit Opportunity Act – relevant excerpt**

15 USCS § **1691d** (2005)

§ **1691d.** Applicability of other laws

(a) Requests for signature of husband and wife for creation of valid lien, etc. A request for the signature of both parties to a marriage for the purpose of creating a valid lien, passing clear title, waiving inchoate rights to property, or assigning earnings, shall not constitute discrimination under this title [15 USCS §§ 1691 et seq.]: *Provided, however,* That this provision shall not be construed to permit a creditor to take sex or marital status into account in connection with the evaluation of creditworthiness of any applicant.

(b) State property laws affecting creditworthiness. Consideration or application of State property laws directly or indirectly affecting creditworthiness shall not constitute discrimination for purposes of this title [15 USCS §§ 1691 et seq.].

(c) State laws prohibiting separate extension of consumer credit to husband and wife. Any provision of State law which prohibits the separate extension of consumer credit to each party to a marriage shall not apply in any case where each party to a marriage voluntarily applies for separate credit from the same creditor: *Provided,* That in any case where such a State law is so preempted, each party to the marriage shall be solely responsible for the debt so contracted.

(d) Combining credit accounts of husband and wife with same creditor to determine permissible finance charges or loan ceilings under Federal or State laws. When each party to a marriage separately and voluntarily applies for and obtains separate credit accounts with the same creditor, those accounts shall not be aggregated or otherwise combined for purposes of determining permissible finance charges or permissible loan ceilings under the laws of any State or of the United States.

(e) Election of remedies under 15 USCS §§ 1691 et seq. or State law; nature of relief determining applicability. Where the same act or omission constitutes a violation of this title [15 USCS §§ 1691 et seq.] and of applicable State law, a person aggrieved by such conduct may bring a legal action to recover monetary damages either under this title [15 USCS §§ 1691 et seq.] or under such State law, but not both. This election of remedies shall not apply to court actions in which the relief sought does not include monetary damages or to administrative actions.

(f) Compliance with inconsistent State laws; determination of inconsistency. This title [15 USCS §§ 1691 et seq.] does not annul, alter, or affect, or exempt any person subject to the provisions of this title [15 USCS §§ 1691 et seq.] from complying with, the laws of any State with respect to credit discrimination, except to the extent that those laws are inconsistent with any provision of this title [15 USCS §§ 1691 et seq.], and then only to the extent of the inconsistency. The Board is authorized to determine whether such inconsistencies exist. The Board may not determine that any State law is inconsistent with any provision of this title [15 USCS §§ 1691 et seq.] if the Board determines that such law gives greater protection to the applicant.

(g) Exemption by regulation of credit transactions covered by State law; failure to comply with State law. The Board shall by regulation exempt from the requirements

2

of sections 701 and 702 of this title [15 USCS §§ 1691 and 1691a] any class of credit transactions within any State if it determines that under the law of that State that class of transactions is subject to requirements substantially similar to those imposed under this title [15 USCS §§ 1691 et seq.] or that such law gives greater protection to the applicant, and that there is adequate provision for enforcement. Failure to comply with any requirement of such State law in any transaction so exempted shall constitute a violation of this title [15 USCS §§ 1691 et seq.] for the purposes of section 706 [15 USCS § 1691e].

**Regulation B – relevant excerpt**

15 USCS Appx 12 CFR § 202.7 (2005)

§ 202.7. Rules concerning extensions of credit.

(a) *Individual accounts.* A creditor shall not refuse to grant an individual account to a creditworthy applicant on the basis of sex, marital status, or any other prohibited basis.

(b) *Designation of name.* A creditor shall not refuse to allow an applicant to open or maintain an account in a birth-given first name and a surname that is the applicant's birth-given surname, the spouse's surname, or a combined surname.

(c) *Action concerning existing open-end accounts.*
   (1) *Limitations.* In the absence of evidence of the applicant's inability or unwillingness to repay, a creditor shall not take any of the following actions regarding an applicant who is contractually liable on an existing open-end account on the basis of the applicant's reaching a certain age or retiring or on the basis of a change in the applicant's name or marital status:
      (i) Require a reapplication, except as provided in paragraph (c)(2) of this section;
      (ii) Change the terms of the account; or
      (iii) Terminate the account.
   (2) *Requiring reapplication.* A creditor may require a reapplication for an open-end account on the basis of a change in the marital status of an applicant who is contractually liable if the credit granted was based in whole or in part on income of the applicant's spouse and if information available to the creditor indicates that the applicant's income may not support the amount of credit currently available.

(d) *Signature of spouse or other person.*
   (1) *Rule for qualified applicant.* Except as provided in this paragraph, a creditor shall not require the signature of an applicant's spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested. A creditor shall not deem the submission of a joint financial statement or other evidence of jointly held assets as an application for joint credit.
   (2) *Unsecured credit.* If an applicant requests unsecured credit and relies in part upon property that the applicant owns jointly with another person to satisfy the creditor's standards of creditworthiness, the creditor may require the signature of the other person only on the instrument(s) necessary, or reasonably believed by the creditor to be necessary, under the law of the state in which the property is located, to enable the creditor to reach the property being relied upon in the event of the death or default of the applicant.
   (3) *Unsecured credit--community property states.* If a married applicant requests unsecured credit and resides in a community property state, or if the applicant is relying on property located in such a state, a creditor may require the signature of the spouse on any instrument necessary, or reasonably believed by the creditor to be necessary, under applicable state law to make the community property available to satisfy the debt in the event of default if:
      (i) Applicable state law denies the applicant power to manage or control sufficient community property to qualify for the credit requested under the creditor's

4

standards of creditworthiness; and

    (ii) The applicant does not have sufficient separate property to qualify for the credit requested without regard to community property.

    (4) *Secured credit.* If an applicant requests secured credit, a creditor may require the signature of the applicant's spouse or other person on any instrument necessary, or reasonably believed by the creditor to be necessary, under applicable state law to make the property being offered as security available to satisfy the debt in the event of default, for example, an instrument to create a valid lien, pass clear title, waive inchoate rights, or assign earnings.

    (5) *Additional parties.* If, under a creditor's standards of creditworthiness, the personal liability of an additional party is necessary to support the credit requested, a creditor may request a cosigner, guarantor, endorser, or similar party. The applicant's spouse may serve as an additional party, but the creditor shall not require that the spouse be the additional party.

    (6) *Rights of additional parties.* A creditor shall not impose requirements upon an additional party that the creditor is prohibited from imposing upon an applicant under this section.

(e) *Insurance.* A creditor shall not refuse to extend credit and shall not terminate an account because credit life, health, accident, disability, or other credit-related insurance is not available on the basis of the applicant's age.