UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANN GAGLIARDI
      Plaintiff

v.                                      Civil Action No.
                                      05-10859-NG

SOVEREIGN BANK
      Defendant

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
## FOR LEAVE TO FILE FIRST PLAINTIFF'S AMENDED COMPLAINT

On September 9, 2005, pursuant to Fed. R. Civ. P. 15 (a), plaintiff moved for leave to file an amended complaint and demand for jury trial. Defendant, Sovereign Bank ("Sovereign") opposes the motion because the amended complaint fails to state a claim on which relief can be granted, and the amendment will be futile.

The proposed amended complaint alleges 2 federal claims in Count I (Equal Credit Opportunity Act) and Count VII (Bank Holding Company Act). It also alleges 7 state law claims: Count II (fraud in the inducement), Count III (misrepresentation), Count IV (duress), Count V (fraud), Count VI (c. 93A), Count VIII (intentional infliction of emotional distress) and Count IX (conspiracy). In order to survive the scrutiny appropriate to a motion to amend, or later a motion to dismiss, the proposed amended complaint must state viable federal claims. Because there are no viable federal claims, the court can, and should, deny leave for plaintiff to add the newly alleged state law conspiracy claim in Count IX. *See Pasdon v. City of Peabody*, 417 F. 3d 225 (1st Cir.

2005). Moreover, the state law claims are themselves futile, and futility is a reason to deny leave to amend. *Resolution Trust Corp. v. Gold*, 30 F. 3d 521, 523 (1st Cir. 1994).

### Federal Claims

Count I purports to allege a claim under the Equal Credit Opportunity Act, 15 U.S.C. § 1691. For the reasons stated in Defendant's Opposition to Motion for Preliminary Injunction (docket #9), and as stated in oral argument on September 1, 2005, even if plaintiff's factual allegations are accepted as true, plaintiff fails to state a claim under the ECOA. Because those reasons were already articulated, they are not restated here.

Count VII alleges a violation of the Bank Holding Company Act, 12 U.S.C. § 1972 (1) (B-D) in that there was an alleged linking of the plaintiff's guaranty and a purported requirement that her husband Antonio borrow additional money. While § 1972 of the Act does prohibit certain tying arrangements by the banks to which the Act applies, it is not applicable here. *See, generally, Executive Leasing Corporation v. Banco Popular de Puerto Rico*, 48 F. 3d 66, 1995 U.S. App. Lexis 3763 (1st Cir. 1995); *B.C. Recreational Industries v. First National Bank of Boston*, 1980 U.S. Dist. Lexis 11625 (D. Mass. 1980).

Plaintiff's allegation of a statutory violation apparently refers to Section 13 of the Forbearance Agreement dated July 16, 2004 (Exhibit 15 to the Affidavit of Bret E. Bokelkamp (docket #10)). Under Section 13, the borrower AMG Construction was required to obtain additional capital contributions from investors in the amount of $400,000 within a month of the Forbearance Agreement. Of the total capital required, it was permissible for up to $150,000 to be contributed by Antonio Gagliardi, and Antonio

was not disqualified from applying to Sovereign for a loan to finance his portion of the capital contribution, if he made such a contribution. If he did apply for a loan, Sovereign was not obligated to approve the application, or to fund any capital contribution loan for that matter. The bank retained sole and exclusive discretion whether to make a loan to Antonio or whether to make any capital contribution loan at all. Nothing in the Forbearance Agreement was to be deemed to prohibit Antonio Gagliardi from applying to other banks for a loan. If Sovereign determined not to make a loan to Antonio, the borrower nonetheless was required to have the additional capital of $400,000 no later than August 15, 2004.

The terms of the Forbearance Agreement make crystal clear that Antonio was not required to obtain additional credit from Sovereign. In fact, the bank retained all rights to deny him credit. In the face of these facts, and ignoring the document altogether, plaintiff alleges that Sovereign required Antonio to obtain additional credit, thus violating § 1972 (1) of the BHCA. There is no basis in fact for Count VII, and alleging it is a futile attempt to assert a federal claim.

**State Claims**

Plaintiff alleges a litany of state law claims against Sovereign, all apparently in connection with plaintiff having signed a limited recourse guaranty, including the overarching claims of c. 93A violation and conspiracy. The causes of action rest on "factual" allegations that Sovereign did not disclose to the plaintiff that AMG was not creditworthy and that the loan was overadvanced at the time of the forbearance.

Massachusetts law is clear that a bank's failure to disclose a borrower's financial condition to a guarantor does not give rise to liability. In *Safety Fund National Bank v.*

3

*Plante*, 1995 Mass. Super. Lexis 421 (1995), a borrower was in default and the bank agreed to a forbearance on the condition that the guarantors execute guaranties and deliver personal financial statements to the bank. The guarantors later argued that the bank failed to disclose to them that the borrower lacked the financial ability to repay the note, and that this constituted misrepresentation. The court dealt with that argument by saying "[t]he short answer to this argument is that, in the absence of a duty to disclose, there is no liability for nondisclosure. . . There was no fiduciary relationship between the bank and the [guarantors]. . . As a matter of law, there was no duty to disclose and no misrepresentation." In *Shawmut Bank, N.A. v. Wayman*, 34 Mass. App. Ct. 20, 1993 Mass. App. Lexis 44 (1993), the Appeals Court dealt with similar claims and found that the bank owed no duty to the guarantor to exercise reasonable care. The court stated that "a bank is under no duty to the guarantor of a commercial loan to exercise due care in dealing with the  borrower or determining whether to make the loan. . ." Given the law of Massachusetts, and even under plaintiff's severly stretched version of the "facts", plaintiff cannot make out claims of fraud in the inducement, misrepresentation, duress or fraud, and Counts II, III, IV and V must fail.

Plaintiff's c. 93A and conspiracy claims rest on the other common law claims which are not legally viable, as stated above. Therefore, claims for c. 93A violation and conspiracy must also fail.

Because plaintiff's proposed amendment is futile, defendant, Sovereign Bank urges the court to deny plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint. If the motion is allowed and the plaintiff is allowed to file the First Amended Complaint, Sovereign intends to move to dismiss.

DEFENDANT
SOVEREIGN BANK
by its attorney,

/s/ Kathleen C. Stone
Kathleen C. Stone
BBO# 481920
Looney, Cohen, Reagan & Aisenberg, LLP
109 State Street
Boston, MA  02109
617-371-1050

Dated: September 16, 2005