UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10859-NG

| | |
|---|---|
| MRS. ANN GAGLIARDI, | ) |
| Plaintiff, | ) |
| v. | ) |
| SOVEREIGN BANK, | ) |
| Defendant. | ) |

**Plaintiff's Motion to Compel Production of Documents and for Sanctions**

Now comes the Plaintiff pursuant to F.C.P.R. 37 with this Motion to Compel Production of Documents and for Sanctions in connection with the Defendant Sovereign Bank's refusal to Produce Documents required by Rule 26(a). The Plaintiff, in support of this Motion states as follows:

1. As part of the discovery in this matter Plaintiff's counsel has begun the review of the Defendant's documents which are at the office of defendant's counsel, located at 109 State Street. That document review began at 11 am on September 15, 2005 and continued approximately for two hours. On September 16, 2005 Defendant's counsel unilaterally refused further access to the documents unless Plaintiff's counsel agreed to sign an Assented to Protective Order which is attached as Exhibit 1. Even though there is no apparent justification for the Defendant's counsel insistence on Protective Order, Plaintiff's counsel agreed to sign the

1

Protective Order. Upon being told that the Plaintiff's counsel would sign the Protective Order, the Defendant's counsel again refused to allow an access to the Defendant's documents unless the another defendant's counsel in a separate state court entitled *Sovereign Bank v. AMG Construction Company Inc.*, C.A. no. 05-0190B, would agree to sign a similar Protective Order in that case. The Defendants in the state court case are not party to this litigation. Therefore, Sovereign's counsel has linked the obligation to produce documents in the Federal Court to her wishes with regard to separate defendants in a separate state court case. This refusal has stopped the discovery even though Plaintiff's counsel was able to review documents for two hour prior the Defendant's counsel halting the discovery.

2. One of the first documents to be reviewed by Plaintiff's counsel was a document entitled Initial Memo and Credit Report, dated April 8, 2004 (the Credit Report). Plaintiff's counsel asked and received during the first 10 minutes of the document review, a copy of the Credit Report. Plaintiff's counsel believes that once defense counsel realized the content of the Credit Report, the decision to halt discovery, <u>without seeking any protective order from this court</u>, was made the defense counsel. The content of the Credit Report was not proprietary or confidential. Rather, it contains certain admissions which damage the Bank's position in the instant case.

3. The author of the Credit Report was Bret E. Bokelkamp, the same individual that has already submitted an affidavit in this matter. The Credit Report indicates that it was a three page document; however there are only two pages that have been

produced. The Credit Report confirms much of what the Plaintiff has asserted in her filings with the Court and during the hearing on the Plaintiff's Motion for a Preliminary Injunction.

4. The Plaintiff emphasizes that the Credit Report is one of hundreds if not thousands of documents that were or should have been produced for copying on September 15, 2005. There are virtually dozens of documents that provide additional support for the Plaintiff's position and those documents have already been designated to be copied, however the defense counsel refuses any further access and refuses to copy the documents as already described above.

5. In addition to refusing to provide access to Defendant's record, the defense counsel in response to the Plaintiff's Request for Production of Documents under Rule 34 dated August 22, 2005, which is attached as Exhibit 3, refused to produce following critically important documents as they were requested by the Plaintiff (Defendant's response to the Plaintiff's Request for Production of Documents is attached as Exhibit 4).

- "All accounting documents which include or refer to AMG Loan Documents."

These accounting records will demonstrate whether the initial notes of 2 millions dollars and $200,000.00 were paid off by subsequent notes, thus, eliminating liability under the original guarantees. These documents may also show whether the 1.6 Million Note and 1 Million Note were entered legally in accordance with the Financial Accounting Standards Board Regulations "FASB Regulations".

- "All documents that deal with loan loss reserve calculations, creditworthy calculations for AMG, Anthony Gagliardi,

3

> Antonio Gagliardi or Ann Gagliardi and write-off calculations for Anthony Gagliardi, Antonio Gagliardi or Ann Gagliardi."

These accounting records may demonstrate whether the initial notes of 2 million dollars and $200,000.00 were paid off by subsequent notes, thus, eliminating liability under the original guarantees. These documents may also show whether the 1.6 Million Note and 1 Million Note were entered legally in accordance with the Financial Accounting Standards Board Regulations "FASB Regulations".

- "All manuals, policy, binders, or compilations of pages relating to Sovereign accounting procedures for "controlled loans", "distressed loans", "down graded loans" or "manage assets", or any other designation of loans what are in "default".  This request includes all memorandum, procedure manuals, controlled loan procedures and outlines or any other type of manual or procedure whether printed or in an electronic form, which describe, depict or otherwise present policies and procedures of Sovereign Bank when loans become "defaulted" or otherwise "overdrawn", "distressed", "over-advanced", "under capitalized" or any other description of loans in default"."

These requested documents will demonstrate whether, in attempt to hide a failed loan, Sovereign disregarded its own internal procedure in order to induce Ann Gagliardi to sign the Guaranty and Mortgages and Assignment of Leases and Rents.

- "All documents, manuals, policies and procedures of Sovereign or any state or federal banking authority, agency, commission which are used by Sovereign in Sovereign's procedures for entering into forbearance agreements with borrowers."

These requested documents will demonstrate whether, in attempt to hide a failed loan, Sovereign disregarded Federal and State Banking Law and procedure in order to induce Ann Gagliardi to sign the Guaranty and Mortgages and Assignment of Leases and Rents.

4

- "All procedures and manuals including employee instruction manuals relating to Sovereign's training of employees, on Sovereign's policies concerning the Equal Credit Opportunity Act, 15 U.S.C. 1691."

These manuals and procedures are critically important in determining whether Sovereign was in compliance with the Mandated Regulations under ECOA.

- "All policies, procedures and manuals including employee instruction manuals relating to Sovereign's training of employees for compliance with the Bank Holding Company Act 12 U.S.C. 1972(1)(B-D)."

These policies, procedures and manuals are necessary in order to determine whether Sovereign had internal policies with regard to prohibition of illegal "linking of financial services in violation of Bank Holding Company Act".

- "All policy and or procedural manuals or binders, whether printed or in electronic form which describe, proscribe, outline or require the procedures for the disposal of "paid promissory" notes, and or credit instruments , including the policies for the disposal, storage, or any other disposition of promissory Notes where such notes are replaced by subsequent promissory notes from the same borrowers."

These policies are critically important in determining the status of the original 2 Million Note and $200,000.00 Note as they were amended. This goes directly to the enforcement of the Plaintiff's Guaranty with regard to such notes and the replacement notes.

6. All of these documents are critically important to the Fraud Count, the Federal Counts under ECOA and the Bank Holding Company Act, the Conspiracy Count, and the Unfair and Deceptive Trade Practice Count, as well as the Fraudulent

Inducement Count. None of the documents requested are in any way part of a "fishing expedition". Rather, they are highly specific and technical document request dealing directly with the alleged manipulative and deceptive behavior of Sovereign Bank. All of the documents requested, assuming Sovereign operated constantly with Federal Law, should be readily available and easily produced. None of the documents expose Sovereign Bank to disclosure of any proprietary information. In deed, all of the requested documents, procedures, manuals and policies, are generally requirements that Sovereign must comply with in order to be a legally functioning bank. Given the nature of the claims against it, Sovereign cannot refuse to produce such documents.

7. Under Rule 37(a)(2)(B):

   "… if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling inspection in accordance with the request…".

8. Rule 37(a)(4)(A) states:

   "**Expenses and Sanctions.** If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds, that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

9. Rule 37 refers to a "refusal" to afford discovery and also to a "refusal" to afford discovery. Taking note of this dual terminology the court had imported into

"refusal" a requirement of "willfulness". See *Roth v. Paramount Pictures Corp.*, 8 F.R.D. 31(W.D.Pa.1948); *Campbell v. Johnson,* 101 F.Supp. 705, 707 (S.D.N.Y.1951). In *Societe International v. Rogers*, 357 U.S. 197 (1957), the Supreme Court concluded that the rather random use of these two terms in Rule 37 showed no design to use them with consistently distinctive meanings, that "refused" in Rule 37(b)(2) meant simply refusal to comply, and that willfulness was relevant only to the selection of sanctions, if any, to be imposed. Nevertheless, after the decision in *Societe*, the curt in *Hinson v. Michigan Mutual Liability Co.*, 275 F.2d 537 (5th Cir. 1960) one again ruled that "refusal" required willfulness. Substitution of "refusal" for "refusal" throughout Rule 37 should eliminate this confusion and bring the rule into harmony with the *Societe International* decision. See Advisory Committee Notes for the Federal Rules of Civil Procedure page 196.

10. There can be no doubt that the Defendant's action with regard to halting of discovery without a protective order and the refusal to produce the above documents is willful in every aspect. The defendant's counsel's refusal after her production of the one document, the Credit Report, seems to be more than coincidence. It is likely that, after producing the copy of the Credit Report, defendant's counsel may have read it. If the Court agrees with the Plaintiff that the Credit Report has a serious implication for Sovereign, then the Court may also conclude that the refusal involved a clear and illegal maneuver to avoid the pending discovery of additional documents. The Defendant's refusal is based on the concocted theory of the Defendant's need for an Assented to Protective Order,

7

as if there were proprietary, private and confidential information contained in the documents requested. As the Court is already aware, the bank, under Federal Banking Laws, is required to make every document sought by the Plaintiff available to the State and Federal Banking auditors and regulators. Therefore, it seems apparent that the Defendant's "discovery maneuver" is intended to coincide with the Defendant's hope for a denial of the Plaintiff's Motion for Preliminary Injunction. One cannot help but conclude that this discovery maneuver is intended to result in the Plaintiff loosing the property secured by her Mortgage prior to the Plaintiff being able to obtain sufficient discovery to necessary to prevail in her claims. The linking of the state court case and Sovereign's requirement of defendants in the state court case to agree to sign similar consent for the state court matter in order for Sovereign to continue production of documents in the federal case, is outrages and obviously deserving substantial sanctions by this court.

11. The Plaintiff has been told by the Defendant that the foreclosure on the property owned by the Plaintiff and her husband, (husband and wife, Tenancy by Entirety) is scheduled on September 27, 2005. However, the Plaintiff's counsel was informed by the defense counsel on September 16, 2005, that the foreclosure has not been scheduled yet.

CONCLUSION

The Plaintiff respectfully requests that the Plaintiff's Motion to Compel Production of Document and for Sanctions is granted since the Defendant is aware of the importance of

8

the importance to complete production of documents which strongly support the Plaintiff's reasonable likelihood of success on merit in the ECOA claim.

          Respectfully Submitted,

          Mrs. Ann Gagliardi,
          By her counsel,

          **LAW OFFICES OF MICHAEL C. MCLAUGHLIN**

Dated: September 21, 2005   By:   /s/ Michael C. McLaughlin, Esq.
                                                 (BBO# 367350)
                                               One Beacon Street, 33rd Floor
                                               Boston, MA 02108
                                               (617) 227-2275

## **CERTIFICATE OF SERVICE**

I certify that a copy of Plaintiff's Motion to Compel Production of Documents and for Sanctions was served on the following person on this date and in the manner specified herein: Electronically Served Through ECF: Kathleen C. Stone, Esquire, counsel for the Defendant.

Dated: September 21, 2005                                                        /s/ Michael C. McLaughlin, Esq.

## **CERTIFICATION UNDER F.C.P.R. 37(a)(2)(B)**

      I, Michael C. McLaughlin, certify that I have in good faith attempted to confer with the Defendant to make discovery in an effort to secure information or material without court action.

Dated: September 21, 2005        /s/ Michael C. McLaughlin, Esq.
                                                  BBO# 337350
                                                  Law Offices of Michael C. McLaughlin
                                                  One Beacon Street, 33rd Floor
                                                  Boston, MA 02108
                                                  (617) 227-2275

Exhibits of Motion to Compel Production of Documents and for Sanctions as described below:

Exhibit 1   Assented – To Protective Order (Ann Gagliadi v. Sovereign)…..2 pages
            Assented – To Protective Order (Sovereign v. Gagliardi)……....3 pages

Exhibit 2   Initial Memo and Credit Comment………………………………2 pages

Exhibit 3   Request for Production of Documents under Rule 34…………...5 pages

Exhibit 4   Defendant's Response to Plaintiff's Request for Production
            of Documents……………………………………………………9 pages

were submitted in paper format to the Clerk's Office of United States District Court, District of Massachusetts by hand on September 21, 2005.

Dated: September 21, 2005          /s/ Michael C. McLaughlin, Esq.
                                   BBO# 337350
                                   Law Offices of Michael C. McLaughlin
                                   One Beacon Street, 33rd Floor
                                   Boston, MA 02108
                                   (617) 227-2275


## CERTIFICATE OF SERVICE

I certify that a copy of Motion to Compel Production of Documents and for Sanctions and its Exhibits 1 through 4, were served in paper format on the following person on this date and in the manner specified herein: by hand: Kathleen C. Stone, Esquire, counsel for the Defendant.

Dated: September 21, 2005          /s/ Michael C. McLaughlin, Esq.
                                   BBO# 337350
                                   Law Offices of Michael C. McLaughlin
                                   One Beacon Street, 33rd Floor
                                   Boston, MA 02108
                                   (617) 227-2275