UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANN GAGLIARDI
    Plaintiff

v.                                        Civil Action No.
                                          05-10859-NG

SOVEREIGN BANK
    Defendant

## ASSENTED-TO MOTION FOR PROTECTIVE ORDER

The parties, and their counsel, hereby agree that the Court may enter a Protective Order in this action on the following terms:

1. Plaintiff and defendant in this action during the course thereof will produce and make copies of certain documents requested by the opposing party under the Federal Rules of Civil Procedure for purposes of this litigation.

2. The parties and their counsel agree that all documents produced by the other party shall be used only for purposes of this litigation, for a related matter pending in Suffolk Superior Court, *Sovereign Bank v. AMG, et al*, Civil Action No. 05-0190-B, and for any other action to be filed between or among the parties, and for no other purpose.

3. The parties and their counsel agree that they will disclose said documents and their contents only to the Court, and to the parties, counsel for the parties, and such of counsels' employees, agents and witnesses, including experts, as need to know their contents for purposes of assisting with the litigation or testifying, and

that each person (other than the parties, counsel and counsels' employees) to whom documents are disclosed shall indicate understanding and acceptance of the terms hereof by signing a copy of the Protective Order. Each party may designate certain documents "Confidential," either contemporaneously with production or thereafter. A document so designated shall not be submitted to the Court unless accompanied by a notice that it has been designated "Confidential" and a request that it be received by the Court and maintained under seal. A party that has designated documents "Confidential" may file a motion to have said documents maintained under seal, if the party that submitted the documents to the Court fails to do so. In addition, a party that has produced documents is entitled to seek sanctions, including costs and attorneys fees in connection with such a motion, against another party for willful failure to abide by the provisions of the Protective Order. Any one of the defendants/counterclaimants in the Suffolk Superior Court action, Civil Action No. 05-0190-B, may seek sanctions with respect to a document designated confidential, even if produced by another defendant/counterclaimant, so long as the document was designated "Confidential" by the producing party and its contents pertain to the movant. A party who believes that the other party has designated documents as "Confidential" without good cause shall have the right to petition the Court to have such designation removed.

4. The parties and their counsel agree that if they come into possession of documents produced in connection with the Suffolk Superior Court, Civil Action No. 05-0190-B, or in any other action to be filed between or among the parties, this

protective order shall apply to said documents and their contents. The parties agree that documents produced in connection with this case or the Suffolk Superior Court litigation, Civil Action No. 05-0190-B, or in any other action to be filed between or among the parties, will be available to all parties, subject to the terms of this Protective Order.

5. At the conclusion of the litigation, the parties and their counsel will return all documents, and all copies, to the producing party, and shall not retain any copies or duplicates. Counsel for each producing party shall retain one archival copy of the documents that such party produced for a period of no less than three years from the termination of all litigation between the parties, including appeals, for further production as may be required by law, or per an order of the Court. It is the intent of the parties and their counsel that such further production would be consistent with the terms of this Protective Order and that documents would be used in connection with issues that may arise in connection with this litigation or for the related matter pending in Suffolk Superior Court, Civil Action No. 05-0190-B, or for any other action to be filed between or among the parties, and for no other purpose.

6. Any party may at any time seek modification of this Assented-to Protective Order. This Assented-to Protective Order can be modified only by written agreement of the parties, or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify the terms hereof.

PLAINTIFF
ANN GAGLIARDI
By her Attorney,

*/s/ Michael C. McLaughlin*

Michael C. McLaughlin, BBO No. 367350
Law Offices of Michael C. McLaughlin
One Beacon Street
Boston, MA 02108
617-227-2275


DEFENDANT
SOVEREIGN BANK
By its Attorneys,

*/s/ Kathleen C. Stone*

Kathleen C. Stone, BBO No. 481920
Looney, Cohen, Reagan & Aisenberg, LLP
109 State Street
Boston, MA 02109
617-371-1050

Dated: October __, 2005

SO ORDERED:

_____
Nancy Gertner, U.S.D.J.

PLAINTIFF
ANN GAGLIARDI
By her Attorney,

*[signature]*

Michael C. McLaughlin, BBO No. 367350
Law Offices of Michael C. McLaughlin
One Beacon Street
Boston, MA 02108
617-227-2275


DEFENDANT
SOVEREIGN BANK
By its Attorneys,

*[signature]*

Kathleen C. Stone, BBO No. 481920
Looney, Cohen, Reagan & Aisenberg, LLP
109 State Street
Boston, MA 02109
617-371-1050


Dated: October 13, 2005

SO ORDERED:

_____
Nancy Gertner, U.S.D.J.