UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANN GAGLIARDI,            )<br>     Plaintiff,         )<br>                          )<br>     v.                   )<br>                          )<br>SOVEREIGN BANK,           )<br>     Defendant.           ) | Docket No. 05-cv-10859-NG |

GERTNER, D.J.

**ORDER**
November 21, 2005

    Plaintiff has filed an Emergency Motion for Preliminary Injunction Pending Appeal, seeking to enjoin a foreclosure that had been ordered by the state court, eight months ago. In September, this Court denied Plaintiff's Motion for Preliminary Injunction after thorough review of the papers that had been filed as of that date and a hearing (see Court order dated September 28, 2005). This Court found that Plaintiff had not shown likelihood of success on the merits of its claims under the Equal Credit Opportunity Act 15 U.S.C. § 1691 and state law. Nothing in the instant filings have altered that conclusion.

    2.   In 2004 Plaintiff Ann Gagliardi signed a limited recourse guaranty and mortgage to Sovereign Bank ("Sovereign") to enable her son, Anthony Gagliardi and his business, AMG ("AMG") Construction Company, Inc., to extend an existing line of credit. When AMG defaulted, the bank obtained a foreclosure judgment in state court on certain commercial property at 331 Page Street in

Stoughton, Massachusetts ("the Stoughton property") held by the Gagliardi's as tenants by the entirety. (That judgment was obtained in March of 2005.  Plaintiff raised ECOA defenses after the judgment was obtained; Defendant removed the action to this court).

3.   While Ms. Gagliardi was not a shareholder or director of AMG, she had been involved in the credit arrangements involving her son's company at least since 2001.  At that time, in order to obtain credit for Anthony Gagliardi and AMG, Antonio (who was a shareholder and director) and his son agreed to sign an Unlimited Guaranty while Antonio and Ann Gagliardi executed a Non-Encumbrance Agreement relating to the Stoughton property. When, in 2004, AMG defaulted again, the bank sought a new arrangement.  It recognized that there were legal issues deriving from the fact that the guarantors, Anthony and Antonio, held no assets separate from their spouses, and that substantial portions of their declared net worth was in the form of beneficial interests in trusts.  Thus, they negotiated agreements with AMG, and the Gagliardis, which involved payments from AMG as well as 1) a mortgage on the Stoughton property (signed by the Gagliardis) and an assignment of the leases and rents from that property, and 2) the Gagliardis each signed a Limited Recourse Guaranty.  In return for these assurances, Sovereign agreed to give AMG until December 2004 to repay the loans.

4. Ms. Gagliardi alleges that it was a violation of the ECOA for the bank to seek her signature because her husband and son, officials in AMG, were creditworthy. In September, I concluded that there was no evidence that Anthony Gagliardi or Antonio Gagliardi *were* creditworthy at the time the documents were executed, and, indeed there was substantial evidence to the contrary – i.e. defaulted loan and overdrawn credit line. A request for the signature of a spouse "for the purpose of creating a valid lien" does not constitute marital discrimination under ECOA. 15 U.S.C. § 1691(d)(a). Since Plaintiff co-owned the Stoughton property as a tenant by the entirety, I found that Ms. Gagliardi's mortgage and Limited Recourse Guaranty helped "creat[e] a valid lien" and provided the necessary additional collateral to secure the forbearance. Nothing the plaintiff has presented alters that conclusion.

5. Indeed, plaintiff appears to concede that they have not materially changed the factual record. They argue that they should be permitted to stop this foreclosure because they were prevented from getting information about the basis for the bank's conclusion on credit worthiness. Whatever the merits of the discovery dispute – which has been referred to the Magistrate for determination – it cannot be the basis for emergency relief. If it were, all a plaintiff would have to do is to say: "I am

unable to prove the likelihood of success on the merits because the defendants have not provided me with the information I need."

6. The only document they point to suggest creditworthiness, dated April 8, 2004, includes the statement "Anthony and Antonio show depth and some liquidity to assist the borrower in the present circumstances." The issue is whether father and son were sufficiently creditworthy to deal with a defaulted loan of 2.6 million dollars without recourse to assets held jointly with their wives or in trust. Moreover, the same document reflects that the bank was aware of the legal complexities that levying on jointly held property involved. While the plaintiff implies that this suggests a knowing ECOA violation, in fact, the opposite conclusion is equally likely. The fact that the bank was aware of potential ECOA issues here and sought the advice of counsel, could speak to the care with which they negotiated.

7. Nor has Ms. Gagliardi appropriately distinguished her situation from that in First Circuit case <u>Ramsdell v. Bowles</u> 64 F.3d 5, 9 (1st Cir. 1995) as noted in the preliminary injunction decision (9/28/05 decision, at 7).

8. Moreover, while plaintiff's filings included an affidavit (Exhibit 16) stating that their realtor estimates the property's value will not go down in the next 3-4 months, suggesting that the bank would not be harmed by a stay of the

foreclosure, that fact alone does not justify a preliminary injunction when plaintiff cannot show  a likelihood of success on the merits.

    9.   Finally, with respect to the state law claims, at best the plaintiff has suggested factual disputes, which undercut its entitlement to injunctive relief.

    Accordingly, plaintiff's motion for emergency relief is **DENIED.**


**SO ORDERED.**

**Date:  November 21, 2005**          **/s/NANCY GERTNER, U.S.D.J.**